COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.   SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

LIBERTY MUTUAL INSURANCE COMPANY )
as subrogee of Judy McCoy, )
)
Plaintiff, ) Civil Action No. 10-00170-A
)
v. )
)
MAYTAG CORPORATION and )
WHIRLPOOL CORPORATION, )
)
Defendants. )

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Liberty Mutual Insurance Company as subrogee of Judy McCoy, as and for its First Amended Complaint and Demand for Jury Trial against defendants Maytag Corporation and Whirlpool Corporation, alleges as follows:

### PARTIES

1. Plaintiff, Liberty Mutual Insurance Company as subrogee of Eileen McCoy ("Plaintiff" or "Liberty Mutual"), is a Pennsylvania corporation engaged in the business of insurance, with its principal place of business located at 5050 W. Tilghman St., Suite 200, Allentown, PA 18104. At all times relevant, Liberty Mutual was licensed to issue insurance policies in the Commonwealth of Massachusetts.

2. Plaintiff's subrogor, Judy McCoy ("McCoy"), is an adult individual, who, at all times relevant, resided and owned property at 40 Greenwich Road, Ware, Massachusetts 01082.

3. Upon information and belief, defendant Maytag Corporation ("Maytag") is a corporation duly organized and existing under the laws of the State of Delaware, with its

6664897v.1

principal place of business located at 2000 North M-63, Benton Harbor, Michigan 49022.

4. Upon information and belief, defendant Whirlpool Corporation ("Whirlpool") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 2000 North M-63, Benton Harbor, Michigan 49022.

5. Upon information and belief, in 2006, Whirlpool acquired Maytag, and as a result of the acquisition, Maytag's operations were integrated into Whirlpool's operations, with Whirlpool continued designing, manufacturing, distributing, selling, assembling, and supplying home appliances under the Maytag brand. Whirlpool is the successor in interest to Maytag and its liabilities. Maytag and Whirlpool are collectively referred to as "Defendants."

## JURISDICTION

6. This Court has personal jurisdiction over the defendants pursuant to M.G.L. c. 223A, § 3.

## FACTS

7. Liberty Mutual issued a property insurance policy to McCoy that provided coverage for McCoy's property located at 40 Greenwich Road, Ware, Massachusetts. Pursuant to the terms of the policy, Liberty Mutual would become subrogated to McCoy's rights and claims against third parties, to the extent of its payments, in the event the company paid a covered loss.

8. At all times relevant, McCoy owned a Maytag electric range unit, model number MER6770AAW, serial number 15973081YF, at her property.

9. On or about August 29, 2007, a fire originated on top of the electric range, causing damage to McCoy's property.

10. Pursuant to the terms of the insurance policy that Plaintiff had with McCoy, Liberty Mutual paid its insured $126,784.04.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANTS

11. Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1-10 above.

12. Defendants designed, manufactured, assembled, sold and/or otherwise distributed and marketed into the stream of commerce the electric range that is the subject of this Complaint.

13. In doing so, Defendants owed McCoy a duty of care to design, manufacture, assemble, sell and/or otherwise distribute the electric range.

14. Defendants, directly and by and through their respective predecessors at interest, employees, agents, servant and/or workman, negligently, carelessly and/or recklessly breached its duty of care to McCoy as follows:

   i. by designing, manufacturing, marketing, assembling, selling and/or distributing the electric range with a dangerously defective condition that Defendants knew or reasonably should have known was present and which subjected Plaintiff's insured's property to an unreasonable risk of damage;

   ii. by designing, manufacturing, marketing, assembling, selling and/or distributing the electric range with inadequate or defective component parts that Defendants knew or reasonably should have known subjected Plaintiff's insured's property to an unreasonable risk of damage;

   iii. by designing, manufacturing, marketing, assembling, selling and/or distributing the electric range in a condition that presented an unreasonably high risk of damage to Plaintiff's insured's property;

   iv. by designing, manufacturing, marketing, assembling, selling and/or distributing the electric range that, when used for its intended purpose, created an unreasonably high risk of damage;

   v. by failing to provide adequate warnings and/or instructions regarding the unreasonably high risk of damage during the normal use of the electric range;

   vi. by failing to adequately, properly and safely repair, correct and/or otherwise adjust the electric range or its components parts to correct the defects of which Defendants were or reasonably should have been aware of;

    vii.    by failing to exercise reasonable care and skill in the designing, manufacturing, selecting and/or assembling the component parts of the electric range;

    viii.    by failing to comply with the applicable statutes, codes, regulations and generally recognized safety practices and standards; and

    ix.    by incorporating, designing, manufacturing, selecting, assembling, selling and/or otherwise distributing their product with defective component parts of which they knew or reasonably should have known and that subjected Plaintiff's insured's property to an unreasonable risk of damage.

15.    As a direct and proximate result of Defendants' above-described negligence, Plaintiff's insured sustained substantial damage to her property.

16.    Pursuant to the provisions of the insurance policy that Plaintiff had with McCoy, Plaintiff paid McCoy for its damages. Plaintiff is subrogated to the rights of McCoy to the extent of payments made.

### COUNT II
### BREACH OF WARRANTIES AGAINST DEFENDANTS

17.    Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1-16 above.

18.    By designing, manufacturing, assembling, selling and/or otherwise distributing and marketing the electric range and/or otherwise being responsible for the product, Defendants knew and intended that the product would be used by the public.

19.    Plaintiff's insured, McCoy, was the intended user of the electric range and had the right to and, in fact did rely, on the expertise and knowledge of Defendants in designing, manufacturing, assembling, selling, marketing and/or distributing the electric range.

20.    Defendants warranted, expressly and impliedly, that the electric range was reasonably fit for the intended use and was of merchantable quality when, in fact, it was not.

21. Defendants breached the above-mentioned warranties of merchantability and fitness for a particular purpose and, as a direct and proximate result of this breach, fire damage occurred on or about August 29, 2007 at Plaintiff's insured's property.

22. Pursuant to the provisions of the insurance policy that Plaintiff had with McCoy, Plaintiff paid McCoy for her damages. Plaintiff is subrogated to the rights of McCoy to the extent of payments made.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor against the defendants in the amount of One Hundred Twenty Six Thousand Seven Hundred Eighty-Four Dollars and Four Cents ($126,784.04) plus interest, costs, and such other relief as the Court determines to be just and equitable.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 24, 2010

Liberty Mutual Insurance Company
as subrogee of Judy McCoy

By its attorneys,

*Sarianna T. Honkola*
Sarianna T. Honkola
BBO # 554845
White and Williams LLP
100 Summer Street, Suite 2707
Boston, MA 02110
(617) 748-5221

Of Counsel:
John P. Encarnacion
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103
(215) 864-6354

- 5 -



**CORPORATION SERVICE COMPANY**

DATE RECEIVED
AUG 31 2010
LAW DEPARTMENT

## Notice of Service of Process

MIW / ALL
Transmittal Number: 7953318
Date Processed: 08/28/2010

| | |
|---|---|
| Primary Contact: | Ms. Garnet Chapin<br>Whirlpool Corporation<br>211 Hilltop Road<br>MD 2114<br>St. Joseph, MI 49085 |
| Copy of transmittal only provided to: | Angela Nepper |
| Entity: | Whirlpool Corporation<br>Entity ID Number 2580391 |
| Entity Served: | Whirlpool Corporation |
| Title of Action: | Liberty Mutual Insurance Company as subrogee of Judy McCoy vs. Maytag Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Hampshire County Superior Court, Massachusetts |
| Case Number: | 10-00170-A |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 08/27/2010 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Sarianna T. Honkola<br>617-748-5221 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS<br>HAMPSHIRE, SS. | Superior Court Department of the<br>Trial Court of the Commonwealth<br>Civil Action<br><br>No. 10-00170-A |
| LIBERTY MUTUAL INSURANCE COMPANY,<br>as subrogee of JUDY MCCOY<br><br>, Plaintiff (s)<br><br>v.<br><br>MAYTAG CORPORATION and<br>WHIRLPOOL CORPORATION<br><br>, Defendant (s) | SUMMONS<br><br>COPY |

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant   : Whirlpool Corporation

You are hereby summoned and required to serve upon Sarianna T. Honkola, Esq. White and Williams LLP plaintiff's attorney, whose address is 100 Summer St., Suite 2707, Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject matter of the plaintiff   claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire at Northampton, the    27th day of    August                 , in the year of our Lord two thousand ten.

*[signature]*
CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved.  Tort – Motor Vehicle Tort – Contract – Equitable relief.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 ____
I served a copy of the within summons, together with a copy of the complaint in this action upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

Dated: _____, 20 ____      _____

N.B.  TO PROCESS SERVER:—

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| _____, 20 ____ |